## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| JANETTE SEGARRA-MALDONADO, | * | |
| JOSE LUIS OTERO-CALZADA, | * | CIVIL NO. 20-1606 (    ) |
| JLO-S. | * | |
| Plaintiffs | * | ABOUT: |
| | * | Title VII and 42 USC § 1983, 1985 |
| v. | * | Civil Rights Act 1964, |
| | * | American with Disabilities Act ADA |
| Honeywell Aerospace, | * | Age Discrimination in Employment Act |
| Honeywell Puerto Rico, | * | 1802 and 1803 of PR Civil Code |
| Honeywell International, Inc., | * | PR Public Law No. 80 |
| Amarilis Bolaños, Brenda Banchs, | * | |
| Jeannette Padin, John Doe, Richard Roe and | * | TORTS |
| their respective insurance companies | * | |
| Defendants | * | JURY TRIAL REQUESTED |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**TO THE HONORABLE COURT:**

Comes plaintiffs, through the undersigned attorney, and very respectfully state, allege and pray:

## I.    JURISDICTION:

1.    This Honorable Court has jurisdiction pursuant to 28 United States Code §§ 1331 and under Title VII and 42 of the U. S. C., Section 1983, Civil Rights Act 1964, American with Disabilities Act (ADA), and  the Age Discrimination in Employment Act of 1967 (ADEA) (Pub. L. 90-202).

2.    Plaintiff invoke the article 1802 and 1803 of Puerto Rico Civil Code and the Puerto Rico Law against discrimination and retaliation under the supplemental jurisdiction principles in the interest of judicial efficiency and economy, 28 United States Code § 1367.

COMPLAINT
CIVIL NO. 20-1606 (   )
Page 2

3.      Plaintiffs also invoke violation to Commonwealth of Puerto Rico Labor Laws

including PR Public Law No. 80 of May 30, 1976 as amended, state law against retaliation, and

equivalent Federal Labor Laws (United States Code).

4.      This Honorable Court also has venue pursuant to 28 United States Code § 1391 since

the claims asserted in this action arose in this judicial district.

5.      Trial by jury is hereby requested.

## II.      PARTIES:

6.      Plaintiff Janette Segarra-Maldonado, is of legal age, married and is a citizen of

Aguadilla, Puerto Rico. She is a licensed engineer, mother of a minor, 58 years old and disabled.

Plaintiff Jose Luis Otero-Calsada is of legal age, disabled, married to Jannette Segarra-Maldonado.

Plaintiffs' physical address is Rd. 110, Km. 31.2, Aguadilla, PR and postal address is PO Box 246,

San Antonio, PR 00690.

7.      Co-plaintiff JLO-S is a minor child and dependent of the co-plaintiffs Janette

Segarra-Maldonado and Jose Luis Otero-Calsada.

8.      Co-defendant Honeywell Aerospace is company dedicated to the manufacturing

aerospace systems and develop technologies. It is located at Road 110 Km 5.9, PR-110, Montaña,

Aguadilla, PR 00604.

9.      Co-defendant Honeywell Puerto Rico is company dedicated to the manufacturing

aircraft engines and power systems. It is located at Americas Technology Park, State Road PR-2,,

Km 117.3, Moca, PR 00676.

10.     Honeywell International Inc. is an American publicly traded, multinational

c:\claims\jsegarra.001

COMPLAINT
CIVIL NO. 20-1606 (   )
Page 3

conglomerate headquartered in Charlotte, North Carolina. It is Headquartered in Charlotte, NC.

11.     Amarilis Bolaños, Brenda Banchs, Jeannette Padin are managers and/or supervisors of the plaintiff Janette Segarra-Maldonado. They worked at Honeywell at the time of facts alleged in the complaint.

12.     John Doe and Richard Roe are those persons who are in any way responsible for the facts and the damages alleged in this complaint. Included are the insurance companies of all the defendants.

**III.    FACTS**:

**Related to all claims against defendants.**

13.     Defendant Honeywell International Inc. is an American publicly traded, multinational conglomerate headquartered in Charlotte, North Carolina. It primarily operates in four areas of business: aerospace, building technologies, performance materials and technologies (PMT), and safety and productivity solutions. Honeywell is a Fortune 100 company, and was ranked 77th in 2018. The company has a global workforce of approximately 110,000 workers, with approximately 44,000 employed in the United States. It is the parental company of defendants Honeywell Aerospace and Honeywell Puerto Rico.[1]

14.     Co-defendant Honeywell began doing business in Puerto Rico in 2007, and so far it has created more than 950 new jobs in specialized areas, namely, engineering and information systems, helping to stop the so-called "brain drain" in those areas. To that end, the company works

---

[1]The Puerto Rico Industrial Development Co. (PRIDCO)

c:\claims\jsegarra.001

COMPLAINT
CIVIL NO. 20-1606 (   )
Page 4

closely with the University of Puerto Rico in Mayagüez, the Polytechnic University, and the Inter

American University to find new recruits.[2]

15.     Plaintiff Janette Segarra-Maldonado commenced to work for employer at Honeywell

Aguadilla on April 16, 2014 as a member of the Hardware Qualification Team with a base salary of

$58,000 per year.  She worked since April 16, 2014 until September 17, 2017.

16.     The performance of plaintiff Janette Segarra-Maldonado during her career in

Honeywell was excellent, she was promoted in position and duties and never was admonished

neither received any warning verbal or written.  She received several performance appraisal (verbal).

17.     Plaintiff Janette Segarra-Maldonado received excellent written performance

evaluations during 2015, 2016 and 2017.

18.     On March 2017 a director of the company was changed (Amarilis Bolaños) and she

transferred some of the projects evaluated by the group/team of the plaintiff to Aguadilla.

19.      Plaintiff Janette Segarra-Maldonado accessed the company system in order to apply

for new job posting opened but she was not able because contrary to the company policies the job

posting was closed after only two (2) days. Plaintiff went before the management, explained the

situation and requested access to apply file to the position. The management response was to denied

her request, it was part of a series of illegal adverse personnel action against her. Plaintiff was placed

under the supervision of Brenda Banchs.

20.     On April 20, 2017 Brenda Banchs transferred and ordered plaintiff Segarra to report

to work at Clearwater, Florida and replaced her duties in Puerto Rico with other engineers.  All the

_____

[2]The Puerto Rico Industrial Development Co. (PRIDCO)

c:\claims\jsegarra.001

COMPLAINT
CIVIL NO. 20-1606 (   )
Page 5

replacements appointed in plaintiff's position, duties and responsibilities were a lot younger than

plaintiff Segarra, who was 56 years old at the time. They were in their early thirties and one was in

his early forties.

21.     At the time plaintiff Janette Segarra-Maldonado explained her supervisors and

the management that she had several medical conditions and she was in charge of the care of her

minor son and her incapacitated husband. She requested on several occasions reasonable

accommodations to stay in PR and/or remote work without success.

22.     On April 24, 2017 plaintiff Janette Segarra-Maldonado reported an emergency

medical situation and went on sick leave for medical treatment. Both Amarilis Bolaños and Brenda

Banchs questioned the sick leave and the medical treatments; harassing plaintiff for several days,

including the used of verbal reprimands, e-mails, voice messages, etc.

23.     From April 2017 until July 25, 2017 plaintiff Janette Segarra-Maldonado suffered

discrimination, adverse personnel actions, bullying, etc.  In one occasion the management including

 Amarilis Bolaños, Brenda Banchs and Jeannette Padin pushed hard plaintiff to commit fraud and

violations of federal law consisting in "Mischarging" work hours in a federal funded project.

Plaintiff  Segarra refused to comply and explained them the illegality of such acts. She reported the

situation to the compliance officer.

24.      On August 2017  plaintiff Janette Segarra-Maldonado suffered severe damages and

required several hospitalizations, emergency medical treatments and was precluded from working

by her treating physicians.

25.     Plaintiff Janette Segarra-Maldonado applied first for short term disability and second

c:\claims\jsegarra.001

COMPLAINT
CIVIL NO. 20-1606 (   )
Page 6

for long term disability to the insurance company thru and notifying her employer, defendants.

26.    On September 17, 2017 plaintiff Janette Segarra-Maldonado was terminated even thought that she was still under sick leave and temporary disabled.

27.    Plaintiff's rights under the provisions of *The American with Disability Act* (ADA) were violated by defendants. Immediately after he disclosed that he had a permanent chronic illness and/or medical condition, her supervisor started a series of adverse personnel actions against her. The discrimination pattern was obvious and included the acts mentioned in the previous paragraphs; questioning of her sick leave & medical treatments, improper evaluations, harassing plaintiff for several months, unjustified verbal reprimands, false e-mails, voice messages, etc. The wrongful orders and influence to commit fraud and the due process violations in the transfer, application for position and denial of reasonable accommodations.

28.    From April 2017 until July 25, 2017 plaintiff Janette Segarra-Maldonado suffered discrimination, adverse personnel actions, bullying, etc. In one occasion the management including Amarilis Bolaños, Brenda Banchs and Jeannette Padin pushed hard and illegally conspired to force plaintiff to commit fraud and violations of federal law consisting in "Mischarging"and finally acted in her dismissal without caused. Plaintiff was discriminated, harassed and dismissed by defendants.

29.    In *Roman v. PREPA, No. 09-1503 (1st Cir. 2011)* First Circuit re-stated that *"To state a claim of disability discrimination under Title I of the ADA, Román* (Plaintiff) *needed to allege facts showing that (1) he was disabled within the meaning of the Act; (2) he could perform the essential functions of his job, with or without reasonable accommodation, and (3) the employer took adverse action against him, in whole or in part, because of his disability. Ruiz Rivera v. Pfizer Pharm., LLC,*

c:\claims\jsegarra.001

COMPLAINT
CIVIL NO. 20-1606 (   )
Page 7

*521 F.3d 76, 82 (1st Cir. 2008); Bailey v. Ga.-Pac. Corp., 306 F.3d 1162, 1166 (1st Cir. 2002). An individual is disabled for purposes of the ADA if he (1) has a physical or mental impairment that substantially limits one or more major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. Ruiz Rivera, 521 F.3d at 82; see also 42 U.S.C. § 12102(2) (2008).*

30.     In *Roman v. PREPA, No. 09-1503 (1st Cir. 2011)* the First Circuit also explained that *To prove a regarded as claim against his employer, a plaintiff ordinarily must show either that the employer (1) "mistakenly believes that [he] has a physical impairment that substantially limits one or more major life activities," or (2) "mistakenly believes that an actual, nonlimiting impairment substantially limits one or more major life activities." Sutton v. United Air Lines, Inc., 527 U.S. 471, 489 (1999), superseded by statute, ADA Amendments Act of 2008, Pub. L. No. 110-325, § 2(a)(4)-(6), 122 Stat. 3553; see also Ruiz Rivera, 521 F.3d at 83; Sullivan v. Neiman Marcus Grp., Inc., 358 F.3d 110, 117 (1st Cir. 2004).*

31.     Plaintiff's rights under the provisions of the *Age Discrimination in Employment Act of 1967* (ADEA) (Pub. L. 90-202) were violated by defendants. She was 56 years old at the time of her illegal dismissal and all the replacements appointed in plaintiff's position, duties and responsibilities were a lot younger than plaintiff Segarra. They were in their early thirties and one was in his early forties.

32.     Plaintiff's rights under the provisions of the *PR Public Law No. 80* of May 30, 1976 as amended. She was illegally pushed and harassed to resign; constructive discharge. She was terminated while under sick leave and temporary disabled.

c:\claims\jsegarra.001

COMPLAINT
CIVIL NO. 20-1606 (   )
Page 8

33.     Defendants actions against plaintiff Janette Segarra-Maldonado was in violation of Title VII and 42 of the United States Code, Section 1983, Civil Rights Act 1964.

34.     Plaintiff filed a complaint in the *U. S. Equal Employment Opportunity Commission* (EEOC).  The EEOC issued a Notice of Right on August 21, 2020.

35.     The wrongful and negligent acts of all co-defendants, their managers, officials, employees, and representatives, were the direct cause or contributed to the facts alleged in the complaint and all the damages suffers by the plaintiffs.

## IV.     CAUSES OF ACTION:

All the paragraphs stated herein the Jurisdiction and Facts are literary incorporated herein and are made part of the following paragraphs and causes of action.

### First Cause of Action

36.     Plaintiff  Janette Segarra-Maldonado rights under the provisions of Title VII and 42 of the U. S. C., Section 1983, Civil Rights Act 1964 were violated by defendants.

### Second Cause of Action

37.     Plaintiff  plaintiff Janette Segarra-Maldonado rights under the provisions of *The American with Disability Act* (ADA) were violated by defendants.

### Third Cause of Action

38.     Plaintiff  Janette Segarra-Maldonado rights under the provisions of *The Age Discrimination in Employment Act of 1967* (ADEA) (Pub. L. 90-202) were violated by defendants.

### Forth Cause of Action

39.     Plaintiff  Janette Segarra-Maldonado rights under the provisions of the *Article 1802*

COMPLAINT
CIVIL NO. 20-1606 (   )
Page 9

and *1803* of *Puerto Rico Civil Code* are invoked, defendants are liable. The Puerto Rico Law against

discrimination and retaliation under the supplemental jurisdiction principles in the interest of judicial

efficiency and economy, 28 United States Code § 1367 were violated by defendants.

**Fifth Cause of Action**

40.     Plaintiff Janette Segarra-Maldonado rights under the provisions of the

Commonwealth of Puerto Rico Labor Laws including *Public Law No. 80 of May 30, 1976* as

amended, state law against retaliation, and equivalent Federal Labor Laws (United States Code) were

violated by defendants.

## V.     DAMAGES:

All the paragraphs stated herein in the Jurisdiction, Facts and Causes of Action are literary

incorporated herein and are made part of the following paragraphs and causes of action. All

defendants are jointly responsible for all damages caused and suffered by all plaintiffs.

41.     Plaintiff Janette Segarra-Maldonado  rights under the provisions of the Title VII and

42 of the U. S. C., Section 1983, Civil Rights Act 1964 and *The American with Disability Act*

(ADA), were violated by defendants.  She suffered damages; damages estimated on $2,000,000.00.

42.     Plaintiff Janette Segarra-Maldonado rights under the provisions of the Title VII and

42 of the U. S. C., Section 1983, Civil Rights Act 1964 and *The Age Discrimination in Employment*

*Act of 1967* (ADEA) (Pub. L. 90-202), were violated by defendants.  She suffered damages; damages

estimated on $2,000,000.00.

43.     Plaintiff Janette Segarra-Maldonado was illegally terminated/fired without a just

cause; a valid cause as established under Commonwealth of Puerto Rico *Public Law No. 80 of May*

COMPLAINT
CIVIL NO. 20-1606 (   )
Page 10

*30, 1976* as amended, damages estimated on $15,000.00.

44.     Plaintiff Janette Segarra-Maldonado, has suffered and continue to suffer mental anguish, severe emotional distress, affliction, anguish, deprivation and suffers still today because of the sudden loss of her job.  Damages that sum the amount of $250,000.00.

45.     Co-plaintiff Jose Luis Otero-Calsada suffered damages for the intentional direct damages and the violations of his wife Janette Segarra-Maldonado; suffered and continue to suffer, severe emotional distress, affliction, anguish, deprivation; claims and rights under the provisions of the laws against discrimination, etc. claims under the provisions of *Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141, et. seq.,* (Torts) invoked under the supplemental jurisdiction principles in the interest economy and of judicial efficiency. Damages estimated on $500,000.00.

46.     Co-plaintiff JLO-S suffered damages for the intentional direct damages and the violations of his mother Janette Segarra-Maldonado; suffered and continue to suffer, severe emotional distress, affliction, anguish, deprivation; claims and rights under the provisions of the laws against discrimination, etc. claims under the provisions of *Puerto Rico Civil Code Article 1802, 1803 31 L.P.R.A. Sec. 5141, et. seq.,* (Torts) invoked under the supplemental jurisdiction principles in the interest economy and of judicial efficiency. Damages estimated on $500,000.00.

**WHEREFORE**, plaintiffs respectfully pray from this Honorable Court to render Judgement in favor of plaintiffs and to award them a sum no less than five million two hundred sixty five thousand dollars ($5,265,000.00) suffered by plaintiffs because of defendants wrongful acts and combined negligence, plus an additional amount for attorney fees and court costs, all to be paid severally by defendants.

c:\claims\jsegarra.001

**COMPLAINT**
**CIVIL NO. 20-1606 (    )**
**Page 11**

**JURY TRIAL DEMANDED.**

**RESPECTFULLY SUBMITTED**.

In Ponce, Puerto Rico, this 2nd day of November of 2020.

**I HEREBY CERTIFY,** that on this same date a true and exact copy of this document has been filed electronically using CM/ECF system in US District Court and the CM/ECF system will notify electronically it to:

**RODRIGUEZ LOPEZ LAW OFFICE, P. S. C.**
Juan R. Rodríguez
PO Box 7693
Ponce, Puerto Rico 00732-7693
Tel. (787) 843-2828 \ 843-2900 Fax (787)284-1267
Email: **juan_r_rodriguez00732@hotmail.com**
        **juan.r.rodriguez00732@gmail.com**

By:____ *S\Juan R. Rodriguez*_____
    **JUAN R. RODRIGUEZ**
    **USDC 214410**

c:\claims\jsegarra.001